Curia, per; FRost, J.
The effect of the agreement is, precisely the same as if the note had been taken for one thousand dollars, the price of the negro, with usury at 10 per cent, per annum. The artifice, by which the parties, attempted to give to the transaction the character of a sale, at an enhanced price for the credit allowed, is too plain, to espape observation. The price of the negro was, pot enhanced otherwise than by the exaction of usurious. *75 interest, while it remained unpaid. The true principal of the note was the sum expressed in the hill of sale. On that sum ten per cent, interest was to be calculated, in effect, until it should be paid in full. If the defendant had paid the note in full, one month after the date, he was to be credited with the interest on one thousand dollars for two years and eleven months, or what is equivalent, pay 10 per cent, usury on that sum, for one month. The design to evade the statute further appears in the proof that the plaintiff was willing to give the defendant any time hé wanted, if 10 per cent, should be added to the price, until payment was made ; and after consultation respecting thé best mode of giving effect to this agreement, so as to evade the statute, the plaintiff gave a bill of sale, expressing thé price of the negro to be one thousand dollars, and took the defendant’s note, including the usurious interest.
The facts are undisputed, and present a case for the judgment of the court, with the same certainty as if they had been found by a special verdict. Whether a contract is usurious is a question of law. If the facts be disputed-, the decision of them is submitted to the jury, with instructions, that if certain facts be established, the law declares the contract to be usurious. Should it be manifest, from the proof, that a verdict has been rendered in disregard of such instructions, a new trial would be granted. If on a clear and uncontradicted state of facts, the court does not give judgment, it surrenders to the jury its proper function and authority to enforce the law. No proof of a corrupt ■agreement is necessary, for the contract may be usurious though the parties did not know that it was against law^ In Marsh vs. Martindale, 3 B. and P. 159, the special verdict found that Marsh did not think he was acting contrary to law. Lord Alvanly ruled there was nothing in that finding to prevent the court from examining the transaction and declaring it to be usury, if it appear to the court to be so, in point of law. Higgins vs. Mervin is cited in Roberts vs. Trenayne, Cro. Jac. 507, as adjudging that “if the corrupt agreement be not expressed in the Verdict, and the matter is apparent to the court to be usury* ¿there the jury need not to shew it was corruptly, for réé *76 ipsa loquitur.” In Doe vs. Barnard, 1 Esp. R. 11, and Davis vs. Hardacre, 2 Camp. R. 375, on proof of usury, apparent on plaintiff’s shewing, a non-suit was granted. The principle is also supported by Stribbling vs. The Bank of the Valley, 5 Rand. 132, and Jackson vs. Betts, 9 Cowen, 225.
The plaintiff cannot be non-suited in this case, because he is entitled to recover the balance of the one thousand dollars. The jury should have been instructed that the uncontradicted state of facts submitted to them presented a case of usury, and that they should find for the plaintiff only that balance.
The motion is granted.
Richardson, O’Neall, Evans and ButleR, JJ. concurred.